**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT FRANKFORT
CIVIL CASE NO. 14-31-HRW-JGW**

**BENJAMIN JENKINS, III**                                               **PETITIONER**

**V.**

**COMMONWEALTH OF KENTUCKY**                              **RESPONDENT**

**REPORT & RECOMMENDATION**

On April 14, 2014, petitioner Benjamin Jenkins, III filed a pro se document styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Consistent with local practice, the matter has been referred the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides for preliminary review by the court prior to serving the respondent with a copy of the motion and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Preliminary review by this Court mandates dismissal of the petition.

The petition is not a model of clarity. As the Court construes it, however, petitioner claims that his pending state court indictment for trafficking in a controlled substance and being a persistent felony offender in the second degree is void because the grand jury was not in session on the date the indictment was issued. Petitioner claims that he has sought state habeas corpus relief from the trial court and Kentucky

1

Supreme Court (which transferred the claim to the Kentucky Court of Appeals) but no court has actually ruled on his purportedly still pending state habeas motions. The state court record is not before this Court. Solely for purposes of resolving the habeas petition, however, the Court will accept the petition's allegations that criminal charges against petitioner are still pending in the Franklin Circuit Court and petitioner's state habeas motions have not been adjudicated.

Because petitioner is a pretrial detainee, not someone who is in custody pursuant to a final judgment, he is not entitled to relief pursuant to §2254. Instead, he must pursue relief pursuant to 28 U.S.C. §2241. *See, e.g., Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) ("Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3). One section of the habeas statute—section 2254—concerns habeas relief available to a subset of petitioners: those 'in custody *pursuant to the judgment of a State court....*' *Id.* § 2254(a)(emphasis added). Although Phillips remains 'in custody,' his custody is not 'pursuant to the judgment of a State court.' Rather, he is in custody *pursuant to an indictment.* Section 2254, therefore, by its own terms, does not apply to Phillips's petition, and it would be error to apply § 2254 here. We have long recognized that pretrial detainees pursue habeas relief instead under § 2241.") (footnote omitted). Accordingly, even though petitioner "never indicated he wished to proceed under §2241, [he] still has the right to have the correct standards applied to his Petition.

Therefore, given the liberality afforded to *pro se* petitions, the Court will analyze Petitioner's motion . . . as a request under §2241 since he is currently 'in custody' pursuant to an indictment." *Simpson v. Jones*, 2012 WL 3912755, at *2 (E.D.Ky. July 16, 2012) (citations omitted).

Once the petition is properly construed as a §2241 petition, it becomes evident that it must be dismissed. The gist of the petition is the allegation that the state charges against petitioner are void because the indictment was returned without a grand jury being in session. As this Court has recently explained in an analogous case:

> It is well-settled that a federal court should not interfere in pending state criminal proceedings without the threat of an "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Intrusion into such state court proceedings is warranted only in the most extraordinary circumstances. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973). The Sixth Circuit has only recognized three such exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir.1981); (2) when the petitioner seeks to avoid a second trial on the basis that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir.1981); and (3) when the petitioner seeks to challenge the state's attempt to retry him rather than allow him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir.1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D.Ohio May 19, 2010).

*Simpson* 2012 WL 3912755, at *3.

Petitioner has not argued that any of the three exceptional circumstances exist. Independent review of the petition shows that it does not involve any allegations of double jeopardy violations or ineffective assistance of counsel-based rejections of plea offers. Petitioner does mention that his motions languished while the "180 days

3

speedy trial proceeded"[1] but the petition overall cannot be reasonably construed as presenting a claim that Kentucky officials have denied petitioner's right to a speedy trial. Accordingly, "under the *Younger* abstention doctrine, this Court cannot intervene in the pending state criminal case against Petitioner. . . . Consequently, dismissal of the Petition is appropriate." *Simpson*, 2012 WL 3912755, at *3.[2]

**IT IS RECOMMENDED** that the petition for writ of habeas corpus [Doc. 1] be **dismissed** without the necessity of requiring the respondent to file a written response. The undersigned further recommends that a courtesy copy of this report & recommendation be served upon the Attorney General for the Commonwealth of Kentucky.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R.

---

[1] Doc. 1, p. 8.
[2] In addition, petitioner has not paid the $5 filing fee required for a petition for habeas corpus, nor did he

Civ. P. 72(b)(2).

This the 22nd day of April, 2014.



Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

---

submit a properly supported motion to proceed in forma pauperis.